IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| William S. Johnson and Ella L. Johnson, ) | C/A 2:09-2498-DCN |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Penelope Parker Peterson, Sarah Peterson White, ) | |
| A. Bart Peterson and John Doe, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This action was originally filed by the Plaintiff in the South Carolina Court of Common Pleas, Fifteen Judicial Circuit, asserting several state law causes of action. The Defendant Penelope Parker Peterson thereafter removed this matter to United States District Court based on diversity jurisdiction, stating that "no defendant who is a citizen of the State of South Carolina has yet been joined and served in this action."

Plaintiffs filed a motion to remand the case to state court on January 12, 2010, noting that Sarah Peterson White is a named Defendant in this case, and that Sarah Peterson White is a resident of the state of South Carolina. Plaintiffs acknowledge that, at the time of the removal, Sarah Peterson White had not yet been served with process.[1] However, Plaintiffs' counsel represents to

---

[1] The Defendant Sarah Peterson White was served with process on January 31, 2010. See Court Docket No. 28.

1



the Court that, when Plaintiffs' counsel inquired with defense counsel as to the identity and service address of the remaining Defendant White, defense counsel stated that the identity and service address of the Defendant White were "unknown", even though White is the daughter of Penelope Parker Peterson as well as the granddaughter of A. Bart Peterson (the other Defendant), both of whom are represented by defense counsel. Plaintiffs' counsel further asserts in the motion to remand that defense counsel did not consult with Plaintiff's counsel prior to removing this case to Federal Court, and did so even though counsel knew or should have known at that time that Sarah Peterson White is the daughter of Penelope Parker Peterson and a resident of South Carolina.

Plaintiffs assert in their motion that it was only on December 17, 2009, and even then only at the Court's direction, that defense counsel disclosed that White is the daughter of Penelope Parker Peterson and the granddaughter of Defendant A. Bart Peterson, and resides in Greenville, South Carolina. Plaintiffs contend, therefore, that the Defendants filed the notice of removal for an improper purpose, and have caused unnecessary delay and cost in the prosecution of this action.

In their memorandum in opposition to Plaintiffs' motion, Defendants deny making any false or misleading statements in their pleadings, and further argue that they are under no duty to assist Plaintiffs in the filing of their complaint. Defendants assert that this case was properly removed to federal court because White had not yet been served with process, and that pursuant to 28 U.S.C. § 1441(b), a case shall be removable if "none of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action is brought". [Emphasis added in original by Defendants]. Defendants also argue that a motion to remand must be filed within thirty (30) days after the filing of the notice of removal, and since the case was removed on September 23, 2009, and Plaintiffs did not file their motion to remand until January 12, 2010, the motion is

2



untimely and should be denied. See 28 U.S.C. § 1447(c).

After careful review of the material filed with the Court, the undersigned finds and concludes that the Defendants' arguments are without merit, and that remand is proper in this case. First, as Plaintiffs did not know that the Defendant Sarah Peterson White resided in the State of South Carolina at the time Defendants removed this case to Federal Court, they had no reason to file a motion to remand within thirty (30) days of the removal. Indeed, it is readily apparent that at the time of removal, it was the *Defendants* who knew that Sarah Peterson White resided in South Carolina, therefore preventing diversity jurisdiction from being present in this case, not the Plaintiffs. Plaintiffs did file for removal once the Defendants advised Plaintiffs of White's place of residence.

Further, irrespective of Defendants' arguments regarding the timeliness issue, 28 U.S.C. § 1447(c) clearly provides that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Cf. Fed.R.Civ.P. 12(h)(3)["If the Court determines at any time that it lacks subject matter jurisdiction, the court *must* dismiss the action."](emphasis added); Velarde v. Velarde, No. 08-1044, 2009 WL 2426232 at * 4 (D.N.M. June 29, 2009)("[T]he allowance of remand up until the entry of final judgment, which will potentially occur well outside the deadline for a motion to remand, suggests that, even if the parties miss the deadline for a motion to remand, the Court must remand a case if it determines that it lacks subject matter jurisdiction.")(citing 24A Federal Proc. L.Ed. § 69:138 (updated 2008)["Since the District Court is required to remand any action over which it has no subject matter jurisdiction at any time before final judgment, the District Court may remand an action sua sponte for lack of subject matter jurisdiction."]); In re Methyl Tertiary Butyl Ether, 510 F.Supp.2d 299, 305 (S.D.N.Y. 2007)["Because jurisdiction goes to the issue of the court's power, a motion to remand based on lack

3



of subject matter jurisdiction may be made at any time."]; White v. Anmar's, Inc., No. 87-3064, 1988 WL 1077, at * 1 (4th Cir. Jan. 7, 1988)["Subject matter jurisdiction is premised on diversity of citizenship and federal question grounds"]. Sarah Peterson White's residence in South Carolina therefore destroys diversity jurisdiction, and Defendants have offered no argument for any other basis for jurisdiction of this case in the United States District Court. Cf. Wensil v. E.I. DuPont DeNemours and Co., 792 F.Supp. 447 (D.S.C. 1992)[Remand denied, but Plaintiffs were West Virginia residents and diversity existed]; Vitatoe v. Mylan Pharmaceuticals, Inc., No. 08-85, 2008 WL 3540462 (N.D.W.Va. Aug. 13, 2008)[denying motion to remand where diversity existed].

Remand under these facts is warranted. See Workman v. National Supaflu Systems, Inc., 676 F.Supp. 690, 693 (D.S.C. 1987)[Remanding case where previously non-served resident defendant defeated diversity jurisdiction]; Wensil, 792 F.Supp. at 448 ["Section 1441(b) does not permit a non-resident defendant to remove an action to federal court before the resident defendant is served, if joinder of the resident defendant defeats diversity jurisdiction"]; Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999)[All doubts about the propriety of removal should be resolved in favor of retaining state court jurisdiction]. Therefore, it is recommended[2] that Plaintiff's motion

---

[2]While many Courts have held that an order of removal is non-dispositive and can be issued by a United States Magistrate Judge in a non-consent case, it is not firmly established whether the undersigned can issue an order of remand, or whether a Report and Recommendation is required. Cf. Williams v. Beemiller, Inc., 527 F.3d 259 (2d Cir. 2008)[Finding that remand orders are dispositive]; Vogel v. U.S. Office Products Co., 258 F.3d 509, 514-517 (6th Cir. 2001)[same]; First Union Mortgage Co. v. Smith, 229 F.3d 992, 996-997 (10th Cir. 2000)[same]; In re U.S. Healthcare, 159 F.3d 142, 145-146 (3d Cir. 1998)[same]; Vaquillas Ranch Company v. Texaco Exploration & Production, Inc., 844 F. Supp. 1156, 1163 (S.D.Texas 1994); McDonough v. Blue Cross of Northeastern Pennsylvania, 131 F.R.D. 467 (W.D.Pa. 1990); City of Jackson v. Lakeland Lounge of Jackson, Inc., 147 F.R.D. 122, 124 (S.D.Miss. 1993); Long v. Lockheed Missiles & Space Co., 783 F.Supp. 249 (D.S.C. 1992). Therefore, out of an abundance of caution, a Report and Recommendation, instead of an Order, is being entered.



to remand be **granted**, and that this case be **remanded** to the South Carolina Court of Common Pleas for disposition.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 23, 2010

Charleston, South Carolina



5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

